# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY J. BUTLER,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>COURTESY CHEVROLET CENTER, INC.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 07CV1884 WQH (BLM)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

HAYES, Judge:

　　Pending before the Court is Plaintiff Terry J. Butler's motion for appointment of counsel. (Doc. # 3).

**BACKGROUND**

　　On September 26, 2007, Plaintiff Terry J. Butler filed a Complaint against Defendant Courtesy Chevrolet Center, Inc. alleging claims for (1) violation of the Civil Rights Act of 1964, (2) violation of the Americans with Disabilities Act, (3) breach of contract, and (4) intentional infliction of emotional distress. Specifically, Plaintiff alleges that Defendant failed to reasonably accommodate Plaintiff after Plaintiff suffered an injury at work, and retaliated against Plaintiff for filing a worker's compensation claim. Plaintiff also alleges that Defendant created a hostile work environment.

　　On September 26, 2007, Plaintiff filed the pending motion for appointment of counsel. (Doc. # 3). Plaintiff asserts that he is not employed and has been unable to secure the assistance of counsel. Plaintiff states that he owns $3,500 in cash, but no other property, and lists $2,160 in month payments to creditors.

**DISCUSSION & ORDER**

Pursuant to 42 U.S.C. § 2000e-(5)(f)(1)(B), a district court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." "In the Title VII context, courts look primarily at three factors in determining whether to appoint counsel: '(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim.'" *Darden v. Apollo Group, Inc.*, No. CIV 05-264-PHX-EHC, 2006 U.S. Dist. LEXIS 9320, at *5 (D. Ariz. Mar. 3, 2006); *quoting Johnson v. United States Treasury Dep't*, 27 F.3d 415, 416-17 (9th Cir. 1994).

As established above, Plaintiff possesses $3,500 in cash. Though Plaintiff lists monthly expenditures of $2,160, it is not clear that Plaintiff possesses no other valuable property, particularly in light of the fact that Plaintiff claims a truck payment of $500 per month but does not list a truck as an asset. Plaintiff has also not established that he diligently sought private counsel. Plaintiff notes that a Mark Dunbar previously represented Plaintiff, and Plaintiff indicates that Dunbar is unable to represent Plaintiff with respect to this litigation. Plaintiff also states that Dunbar referred him to other attorneys. However, Plaintiff does not name those other attorneys as required by the request for appointment of counsel form, and therefore the Court cannot conclude that Plaintiff diligently sought private counsel with respect to this litigation. Finally, the Court cannot conclude that Plaintiff's likelihood of success on the merits is sufficient to warrant counsel at this time. Plaintiff indicates that he resigned, as opposed to being fired from his job, and there are few if any allegations which support Plaintiff's claim that he was forced to resign. In addition, Plaintiff does not allege the existence or the terms of an employment contract which would be necessary for his breach of contract claim, and it is not clear that Defendant's conduct was outrageous enough to sustain Plaintiff's claim for intentional infliction of emotional distress.

/
/
/
/
/

# CONCLUSION

Plaintiff's motion for appointment of counsel (Doc. # 3) is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 15, 2007

**WILLIAM Q. HAYES**
United States District Judge